IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARILYN McKINNEY,**
**Claimant Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-78**       (BOR Appeal No.: 2057922)
                             (JCN: 2017014532)

**LITTLE GENERAL STORE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marilyn McKinney appeals the order of the Workers' Compensation Board of Review ("Board") dated August 8, 2022, which, in pertinent part, affirmed the Office of Judge's ("OOJ") decision dated February 7, 2022, adding cervical and lumbar sprain as compensable conditions in the claim, but denying the addition of chronic posttraumatic strain of the cervical spine superimposed on preexisting, but dormant, degenerative joint and disc disease, and chronic posttraumatic strain of the lumbosacral spine superimposed on preexisting, but dormant, degenerative joint and disc disease.[1] Respondent Little General Store, Inc., filed a timely response.[2] Ms. McKinney did not file a reply brief.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 5111-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. McKinney was injured when she slipped and fell while working at Little General Store, Inc. on December 9, 2016, suffering injuries to her right hip, right shoulder, right arm, and back. S. Brett Whitfield, M.D., an orthopedic surgeon, examined Ms.

---

[1] The Board modified the OOJ's ruling that affirmed a 2% permanent partial disability award ("PPD"), and returned the issue to litigation, concluding that the OOJ's ruling was premature as additional evidence is needed since the newly added conditions were not evaluated. Ms. McKinney does not assign error to this ruling.

[2] Petitioner is represented by Reginald D. Henry, Esq. Respondent is represented by Charles R. Bailey, Esq., John P. Fuller, Esq., and Celeste E. Webb, Esq.

McKinney for the injuries on December 22, 2016. Ms. McKinney reported to Dr. Whitfield that she did not have pain in her right shoulder, right elbow, right hip, and low back until she fell at work. In addition to diagnoses related to Ms. McKinney's upper extremity and right hip, Dr. Whitfield also diagnosed a low back muscular strain noting that she likely twisted her back in the fall.

On February 20, 2017, an MRI of the lumbar spine revealed multilevel disc degeneration without a disc herniation. Among the findings of a cervical MRI performed on March 22, 2017, were degenerative disc disease and spondylosis, as well as shallow disc protrusions at C3-4 and C4-5. Also, broad-based, mixed spondylitic disc protrusions contacting the spinal cord at C5-C6 and C6-C7 were noted. A second MRI of the lumbar spine performed on April 16, 2018, showed degenerative changes with areas of neural foraminal narrowing, slightly worsening in the interval between this imaging and that performed in February 2017.

On October 30, 2018, Ms. McKinney underwent discectomies at C5-C6 and C6-C7 and a fusion from C5 through C7 performed by Rajesh Vitthal Patel, M.D. Dr. Patel's postoperative diagnoses were cervical disc protrusions at C5, C6, and C7, with radiculopathy at those levels and possible early myelopathy. He also diagnosed neuroforaminal stenosis at the aforementioned levels of the cervical spine.

Christopher Martin, M.D. performed an independent medical evaluation of Ms. McKinney on June 30, 2020. After examining Ms. McKinney and reviewing the medical records from the claim, Dr. Martin opined that he did not find support for any diagnosis related to the cervical spine or lumbar spine that was related to the work accident on November 23, 2016. In part, Dr. Martin's rationale was based upon the MRI studies that showed cervical spondylosis, which he said was an age-related, degenerative condition and not a post-traumatic abnormality. Additionally, Dr. Martin did not feel that the cervical surgery and other treatments were medically necessary as a result of the compensable injury.

It appears that the claim administrator did not issue a compensability ruling until it issued the order dated August 5, 2020, holding the claim compensable for contusions of the right shoulder and right hip. This order is the subject of the current litigation.

On February 22, 2021, Bruce A. Guberman, M.D. examined Ms. McKinney and observed that the compensable conditions in the claim were contusion of the right shoulder, status post right shoulder arthroscopic subacromial decompression and acromioplasty, and history of contusion of the right hip. Dr. Guberman opined that the injury also involved Ms. McKinney's cervical and lumbar spine, but he noted that no spinal conditions had been ruled compensable in the claim. Further, the diagnoses proposed by Dr. Guberman were a chronic posttraumatic strain of the cervical spine, superimposed on preexisting but dormant degenerative joint and disc disease, and a corresponding condition for the lumbar spine.

Dr. Guberman asserted that these conditions of the cervical spine and lumbar spine were directly and causally related to the injury. In particular, Dr. Guberman noted that Ms. McKinney's treatment records indicated that she underwent cervical spine surgery, and conservative care for her lumbar spine following the work accident.

In a report dated August 9, 2021, Prasadarao Mukkamala, M.D. noted that he evaluated Ms. McKinney on May 26, 2021, concerning this claim. In pertinent part, Dr. Mukkamala noted that the claim administrator held the claim compensable for contusions of the right shoulder and right hip. Thus, Dr. Mukkamala determined that impairment calculations related to Ms. McKinney's neck and back were inappropriate because those conditions were not compensable. Further, Dr. Mukkamala mentioned that initial treatment providers did not document neck or low back injuries, nor was Ms. McKinney symptomatic in these areas at the time of the injury. Dr. Mukkamala observed that such symptoms were ubiquitous in older individuals, such as Ms. McKinney.

On February 7, 2022, the OOJ reversed the claim administrator's August 5, 2020, order and held that cervical sprain and lumbar sprain were compensable diagnoses in the claim along with a contusion of the right shoulder and contusion of the right hip. The rationale of the OOJ in adding these conditions was that it appeared that the claim administrator had covered the significant cervical surgery, indicating that it had accepted a cervical injury as compensable. Additionally, the OOJ determined that at the time of the injury Ms. McKinney had reported a back injury, and Drs. Whitfield and Patel, both orthopedic surgeons, confirmed the diagnoses. Finally, the OOJ also said it was reasonable to find that the mechanism of the injury could have caused injuries to the cervical and lumbar spine. However, the OOJ stopped short of finding that all of Ms. McKinney's lumbar and cervical complaints were attributable to her work injury since diagnostic testing demonstrated preexisting conditions in the spine.

Ms. McKinney appealed the OOJ order dated February 7, 2022, to the Board, arguing that chronic posttraumatic strain of the cervical spine superimposed on preexisting, but dormant, degenerative joint and disc disease, and chronic posttraumatic strain of the lumbosacral spine superimposed on preexisting, but dormant, degenerative joint and disc disease should have been ruled compensable. By order dated August 8, 2022, the Board affirmed the OOJ's ruling regarding the compensable conditions.[3] It is from the Board's ruling on compensability that Ms. McKinney now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] The Board's order modified the OOJ's ruling concerning a PPD award, finding the ruling was premature because the cervical and lumbar sprains were not rated. The Board returned this issue to litigation, and Ms. McKinney does not now contest this ruling.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. McKinney argues that the Board erred in failing to find compensable the conditions of chronic posttraumatic strain of the cervical spine superimposed on preexisting, but dormant, degenerative joint and disc disease, and the corresponding lumbar spine condition. Ms. McKinney asserts that the record establishes that the conditions were more likely than not a result of the injury as evidenced by the fact she could perform her job duties until the injury occurred, whereupon she had immediate symptoms, and there was no evidence of prior cervical or lumbar symptoms. Further, that cervical surgery was approved in the claim and performed, Ms. McKinney argues, is evidence that the injuries she sustained were more severe than simple sprains. Ms. McKinney argues that Dr. Guberman more accurately diagnosed her conditions, and he noted that her preexisting degeneration was "dormant" until the injury. Dr. Guberman's diagnosis, she adds, included the chronic nature of her symptoms that have been ongoing since the injury.

In support of her argument, Ms. McKinney cites Syllabus Point 5, *Moore v. ICG Tygart Valley, LLC*, __ W.Va. __, 879 S.E.2d 779 (2022), which states:

> A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

After review, we are not persuaded that the Board erred in affirming the OOJ's decision that held the claim compensable for lumbar sprain and cervical sprain, but

4

declining to add to the claim the chronic posttraumatic strain of the cervical spine superimposed on preexisting, but dormant, degenerative joint and disc disease, and the corresponding condition for the lumbar spine.

We note that the diagnoses Ms. McKinney seeks to be added to the claim implicitly include the preexisting degenerative joint and disc disease conditions. Including these conditions would be contrary to the Court's ruling in *Moore* that held compensable the discrete new condition of cervical radiculopathy but not the underlying cervical degenerative disc disease. The *Moore* Court specifically noted that its "holding in *Gill* is still applicable." *Id*. at *7. We note that pursuant to Syllabus Point 3, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016),

> [a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

In the present case, we find no error in the OOJ's decision that the conditions Ms. McKinney asserts should be added to the claim are preexisting conditions that were merely aggravated by the compensable injury and do not qualify as discrete new injuries. On the other hand, the cervical sprain and lumbar sprain found compensable by the OOJ and affirmed by the Board satisfy the analysis set out under both *Moore* and *Gill*. Finding no error, we affirm.

Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5